BENTLEY S. MORRILL, Respondent, v. THE C. T. SEGAR MANUFACTURING COMPANY, Appellant.

*Evidence — authority to enter into a contract, given at a meeting of the directors of a company, may be proved by parol — it need not appear in the minutes — when the principal is liable upon a contract signed by the agent in his own name.*

Parol evidence is admissible to show that at a meeting of the directors of a private corporation, its secretary was authorized to enter into a contract for the transportation of lumber needed by the company.

The validity of a contract so made by the secretary is not affected by the failure of the directors to have the authority to make it entered in the minutes.

By-laws of a corporation, requiring contracts to be made in a particular way and form, do not prevent the making of a particular contract in such a form as the officers of the company may direct at a regular meeting.

A written contract was entered into between the plaintiff and the defendant, which was signed in behalf of the defendant " C. T. Segar, secretary and treasurer."

*Held*, that parol evidence was admissible to show that Segar had authority to act for the company, and that it was understood by both parties that the company was to be charged with the performance of the contract, and that such proof having been given the company was liable thereon.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried, and also from an order granting an extra allowance.

*W. T. Dunmore*, for the appellant.

*J. B. Riley*, for the respondent.

BOCKES, J.:

The plaintiff recovered for breach of contract. His claim may be stated in a few words, as follows: that the defendant held a contract with C. B. Turner for the sale and delivery, by the latter to the former, of 500,000 feet of lumber, to be delivered on boat, at the dock at Plattsburgh, N. Y.; that thereupon the defendant contracted with the plaintiff to receive said lumber for the former, from time to time, on his boat, at the dock at Plattsburgh, and transport it to, and unload it on the dock at Utica, the defendant's place of business, for two dollars per thousand feet; that the

defendant refused performance, to plaintiff's damage. The latter recovered $200. The defense urged on the trial was that no binding contract was entered into between the parties.

To establish his action, the plaintiff proved a contract in writing, made by and between himself and C. T. Segar, the latter signing it " *C. T. Segar, Sec'y & Treas.*," to the purport above stated; further proved, by parol, that C. T. Segar was the secretary and treasurer of the defendant's company, and its general manager; that at a meeting of the officers of the company, shortly prior to the entering into the contract with the plaintiff, Mr. Segar was authorized to obtain lumber for the company, and thereupon proceeded to Plattsburgh, and the contract counted on was made.

It is objected that proof by parol of the meeting of the company and the authorization of Mr. Segar to obtain lumber for the company was inadmissible. It was held in *The Trustees of St. Mary's Church* v. *Cagger* (6 Barb., 577–580) that the acts of corporations may be proved in the same manner as the acts of individuals; that if there be no record evidence they may be proved by the testimony of witnesses, and even where no direct evidence of such acts can be given, facts and circumstances may be proved from which acts may be inferred. This doctrine was reiterated in *Moss* v. *Averell* (10 N. Y., 454), with citation of many cases in its support. It must be remembered that the defendant is a private corporation, and that there is no law requiring it to keep a record of its meetings or proceedings. There was no proof given or offered showing that there was a record of the proceedings had at the meeting as to which parol evidence was given. The objection was made with the remark that the minutes of the meeting were in court and show no authority; in other words, that the proceedings of the meeting testified to by the witnesses were not entered in the minutes. The omission to make such entry would not render the proceedings null and void, nor preclude the party from showing what proceedings were had. This was held in effect in *Moss* v. *Averell* (*supra*). Such is the law now in this State, whatever may have been held at an early period, or whatever may now be the rule in other States.

Certain of the by-laws of the corporation were put in evidence, showing that its contracts, to be binding, should be made in a par-

ticular way and form; but these by-laws would not prevent, or render invalid, such special directions, authorizations or contracts as should be made by the company at its meetings. The officers, at a regular meeting, might bind the company in the matters of its business, *by special action*, in any way that should be deemed advisable.

The objection is taken that the contract on its face was not the contract of the defendant, but was the contract of C. T. Segar individually. It was signed " C. T. Segar, Secretary and Treasurer." The rule now is, that where the instrument raises on its face a question as to the personal liability of the party signing it, parol evidence is admissible to show the intention of the parties. (*Bellinger* v. *Bentley*, 1 Hun, 562; *Hood* v. *Hallenbeck*, 7 id., 362; *Haight* v. *Sahler*, 30 Barb., 218; *Lee* v. *The M. E. C.*, 52 id., 116; *Auburn C. Bank* v. *Leonard*, 40 id., 136.) And when it is made to appear that the party signing in fact acted as agent for another, with authority from his principal to so act, and it was so understood by the parties, the principal will be charged. There was no error, as we think, in the rulings on questions of evidence calling for a reversal of the judgment.

We are of the opinion that the case was well disposed of at the circuit.

Judgment affirmed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.